United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40904
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ARTEMIO GONZALEZ

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-67-9
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Artemio Gonzalez appeals from his guilty-plea conviction and
sentence for conspiring to possess 500 grams or more, but less
than five kilograms, of a mixture or substance containing a
detectable amount of cocaine, in violation of 21 U.S.C. § 846.
Although the district court sustained Gonzalez's objections to
the enhancement of his sentence as a career offender pursuant to
U.S.S.G. § 4B1.1 and to the calculation of his criminal history
score, Gonzalez argues that the district court erred when it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

refused to grant a downward departure or sentence Gonzalez to the low end of the Guidelines range.

Gonzalez has failed to adequately brief the issue of whether the district court erred when it declined to grant a downward departure. See FED. R. APP. P. 28(a)(9); see Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). He therefore has failed to show that the district court erred with respect to this issue. Furthermore, to the extent that Gonzalez is arguing that the district court erred when it did not sentence him to the low end of the Guidelines range, this argument lacks merit. Gonzalez does not argue that the district court failed to consider appropriate sentencing factors, that the district court erred when it calculated his Guidelines range, or that his sentence was unreasonable. Gonzalez's sentence is therefore AFFIRMED. See United States v. Mares, _ F.3d _, No. 03-21035, 2005 WL 503715 at *5 (5th Cir. March 4, 2005).

For the foregoing reasons, the judgment of the district court is AFFIRMED.